

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

June 13, 1967

Honorable Robert S. Calvert          Opinion No. M-89
Comptroller of Public Accounts
Austin, Texas                        Re: Construction of Article
                                         666b, Vernon's Civil Stat-
                                         utes, as amended by Senate
                                         Bill 504, Acts of the
                                         60th Legislature, relating
                                         to lease contracts entered
Dear Mr. Calvert:                        into by the State.

        Your request for an opinion on the above subject matter
asks the following questions:

        "(1)  Can I legally sign a contract for
a period of time extending beyond the expira-
tion date of the appropriation for rent be-
coming available on September 1, 1967, which
would be August 31, 1968?

        "(2)  If you hold that a contract can be
made extending beyond August 31, 1968, must the
entire amount of the contract be paid out of
the appropriations available for the fiscal
year beginning September 1, 1967 and ending
August 31, 1968?"

        Article 666b, Vernon's Civil Statutes, as amended by
Senate Bill 504, Acts of the 60th Legislature, Regular Session,
1967, provides in part:

        "Section 1.  Hereafter all departments and
agencies of the State Government, when rental
space is needed for carrying on the essential
functions of such agencies or departments of the
State Government, shall submit to the State
Board of Control a request therefor, giving the
type, kind, and size of building needed, together
with any other necessary description, and stating

- 403 -

the purpose for which it will be used and the
need therefor.

"Section 2. The State Board of Control,
upon receipt of such request, and if the money
has been made available to pay the rental thereon,
and if, in the discretion of the Board such space
is needed, shall forthwith advertise in a newspaper,
which has been regularly published and circulated in
the city, or town, where such rental space is sought,
for bids on such rental space, for the uses indicated
and for a period of not to exceed four years. All
such leases shall be contingent upon the availability
of funds to cover the terms of the lease. It is fur-
ther provided that monthly rentals may be paid in
advance when required by the lease agreement and
mutually agreed upon by the lessor and the lessee.
After such bids have been received by the State
Board of Control at its principal office in Austin,
Texas, and publicly opened, the award for such
rental contract will be made to the lowest and
best bidder, and upon such other terms as may be
agreed upon. The terms of the contract, together
with the notice of the award of the State Board of
Control will be submitted to the Attorney General
of Texas, who will cause to be prepared and ex-
ecuted in accordance with the terms of the agree-
ment, such contract in quadruplicate; one of which
will be kept by each party thereto, one by the State
Board of Control, and one by the Attorney General
of Texas. The parties to such contract will be
the department or agency of the government using
the space as lessee and the party renting the
space as lessor." (Emphasis added.)

Pursuant to the above quoted provisions the State Board
of Control upon receipt of a request for rental space by a State
agency will award rental contracts to the successful bidder for
a period not to exceed four years. One of the provisions which
we will state in the written contract form will be as follows:

"This contract and lease agreement is made
and entered into in accordance with the provisions
of Senate Bill 504, Acts of the 60th Legislature,
Regular Session, 1967, amending Article 666b,
Vernon's Civil Statutes, and is made contingent
upon the availability of funds appropriated by
the Legislature to cover the term of the lease."

Hon. Robert S. Calvert, page 3 (M-89)

Thus under the terms and conditions of the contract awarded by the Board of Control pursuant to the provisions of Article 666b, Vernon's Civil Statutes, the contract does not obligate the State beyond the availability of funds appropriated by the Legislature. Accordingly, such contract will not create a debt. City of Big Spring v. Board of Control, 404 S.W.2d 810, (Tex.Sup. 1966). In that case an attack was made on the validity of a contract for a supply of water to the State because the term of the contract was beyond current appropriations. In rejecting this contention the Supreme Court stated:

"The contention that the purchase contract was invalid because there then existed no legislative appropriation to pay for the water to be furnished in the future is answered by this Court's opinion in Charles Scribner's Sons v. Marrs, 114 Tex. 11, 262 S.W. 722 (1924). In that case an attack was made on an order of the State Textbook Commission purchasing certain textbooks for the public schools of Texas from Scribner's Sons. Among other objections it was urged that the contract to buy textbooks for a five-year period was invalid because it was for longer than the two-year period of legislative appropriations and created a debt which could not be paid for out of reserves for the biennium in which created. This Court said:

"'This contract obligates the state to introduce into and use relator's books in the public free schools for a period of five years. It obligates relator to furnish, offer, and sell these books to the state each year for five years, upon the requisition of the school authorities each year for such books as may be needed. Payment for them is to be made out of the current fund each year as they are purchased. The obligation of the contract is not to buy a fixed number or amount of books, but only so many as are needed by the schools of the state. Liability is fixed only for such amounts as are requisitioned by the trustees of the schools. The number of books purchased for any year and the amount of money applied thereto is wholly within the control of the school authorities.

"'The contract is for uniform text-books for a period of five years. No quantity is stipulated

and no promise to pay, only an agreement to use
the books in the schools. The statute and the
contract provide that no debt is created. The
obligation to pay arises only upon the purchase
and delivery of books for the year when needed,
and according to the purchase. The books so
furnished and so purchased during any year do not
make a charge on the future resources of the
state, but are paid for each year as the pur-
chases are made.'

"This Court quoted from the case of City
of Tyler v. L. L. Jester & Co., 97 Tex. 344, 78
S.W. 1058 (1904), in which a long-term water pur-
chase contract was attacked: 'The making of a con-
tract for water for a number of years, to be
delivered in the future did not create a debt
against the city, but the liability of the city
arose upon the use by it of the water during each
year.'"

The Court then concluded:

"The contract of the Board of Control with
the City of Big Spring is a valid contract and
is not subject to the attack made on it."

Under the contract involved in City of Big Spring v.
Board of Control, supra, the city agreed to furnish water at a
fixed rate "as long as the State of Texas shall in good faith
maintain and operate said hospital on said site." (Referring to
Big Spring State Hospital.)

In view of the provisions of Article 666b, Vernon's
Civil Statutes, as amended, the terms and conditions of the
lease and rental contract entered into pursuant thereto and in
view of the decision of the Supreme Court in City of Big Spring
v. Board of Control, it is our opinion that any obligation created
by the signing of the proposed lease and rental agreement will
terminate upon the expiration of existing appropriations for rent
unless other appropriations for rent are made available prior to
such termination. Therefore, no obligation exists beyong current
revenues and such a lease and rental agreement would be valid.

You are therefore advised that you may legally sign a
lease and rental contract awarded by the Board of Control pursuant
to the provisions of Article 666b, Vernon's Civil Statutes, for a
period not to exceed four years, in the event there is contained

Hon. Robert S. Calvert, page 5 (M-89)

in such lease and rental agreement that the lease and rental agreement is made contingent upon the availability of appropriated funds.

In answer to your second question, if a lease and rental contract is entered into pursuant to the provisions of Article 666b, Vernon's Civil Statutes, for a period not to exceed four years, which period extends beyong August 31, 1968, and such contract is made contingent upon the availability of funds appropriated by the Legislature, the entire amount of the contract need not be paid out of appropriations available for the fiscal year ending August 31, 1968, but may be paid in accordance with the terms and conditions of the lease and rental contract out of monies thereafter made available from appropriations by the Legislature.

## S U M M A R Y

Article 666b, Vernon's Civil Statutes, authorizes the execution of lease and rental agreements on behalf of State agencies for a period not to exceed four years and provides that such leases shall be contingent upon the availability of funds to cover the terms of the lease. Such lease and rental agreements are valid if such agreements are made contingent upon the availability of funds appropriated by the Legislature.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
W. V. Geppert, Co-Chairman
John Banks
Linward Shivers
Alan Minter
Monroe Clayton

STAFF LEGAL ASSISTANT
A. J. Carubbi, Jr.

- 407 -